**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 21, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41673
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FERREIRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CR-180-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Ferreira appeals the sentence imposed following his guilty-plea conviction of passing counterfeit money in violation of 18 U.S.C. §§ 2 and 473. Ferreira's contention that the district court erroneously relied on his equivocal acceptance of responsibility as a basis for departure after giving him credit for acceptance of responsibility is without merit. The district court made

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it plain that the departure was based on its conclusion that Ferreira's criminal history category of VI did not adequately reflect the seriousness of his criminal history or the likelihood of recidivism in light of his Ferreira's forty criminal history points and the similarity of the instant offense to past offenses. Under-representation of criminal history is a proper basis for departure. United States v. Smith, 417 F.3d 483, 491 (5th Cir. 2005).

As Ferreira contends, the district court did state that the equivocal nature of his acceptance of responsibility when speaking with the probation officer was another reason for departure. The district court made it plain, however, that the criminal history score was the primary reason supporting the departure and stated that it would have imposed the same departure even if Ferreira had been truthful when speaking to the probation officer. Thus, we need not determine whether the court erred, because any purported error was harmless. See United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005); see also United States v. Cade, 279 F.3d 265, 273 (5th Cir. 2002).

Although Ferreira contends that the departure should be reviewed for reasonableness, he does not argue that the departure was unreasonable; therefore, he has abandoned any such argument. See United States v. Lucien, 61 F.3d 366, 370 (5th Cir. 1995). In any event, the extent of the departure was reasonable. See Smith, 417 F.3d at 491-92. Accordingly, the judgment of sentence is AFFIRMED.